# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIS C. PERRY III,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No: 6:18-cv-1424-Orl-31TBS

**RICK SINGH and ORANGE COUNTY PROPERTY APPRAISER,**

    **Defendants.**

## ORDER

    Plaintiff Willis C. Perry III filed this civil action against Rick Singh in his individual capacity and in his professional capacity as the Orange County Property Appraiser. Perry, an African-American male, alleges that the Orange County Property Appraiser's Office (OCPA) retaliatorily fired him because he spoke out about misconduct and discrimination occurring at OCPA and that OCPA treated him differently based on his race.[1] (See generally Doc. 1). Perry also alleges that OCPA and Singh violated his First Amendment rights. (See id. at 14). Singh and OCPA both moved to dismiss Perry's Complaint. (See Docs. 8, 26). Perry opposed both motions. (See Docs. 20, 29). In a prior order, this Court granted in part and denied in part OCPA's Motion to Dismiss. (See Doc. 30). Singh's Motion to Dismiss is now ripe.

    Perry asserts just one claim against Singh—a First Amendment retaliation claim in Count VI of the Complaint. Singh moved to dismiss this claim under Federal Rule of Civil

---

[1] "Singh" refers to Singh in his individual capacity and "OCPA" refers to Singh in his professional capacity.

Procedure 12(b)(6), arguing that the claim should be dismissed because Singh is entitled to qualified immunity or because Perry's Complaint fails to state a claim upon which relief can be granted. (See generally Doc. 26). Perry disagrees. (See generally Doc. 29). The facts relevant to this dispute are detailed in the Court's order on OCPA's Motion to Dismiss. (See Doc. 30 at 2–6). The background law governing First Amendment retaliation claims is also detailed in the Court's prior order. (See id. at 11–13).

To resolve this motion, the Court need not delve into principles regarding qualified immunity or the First Amendment because—as the Court noted in the order on OCPA's Motion to Dismiss—Perry's First Amendment retaliation claim (Count VI) fails on a more basic level. (See id.). Perry's Complaint says only two relevant things about his First Amendment claim: (1) "Plaintiff engaged in various free speech activities protected by the First and Fourteenth Amendment[s], with respect to matters of legitimate interest to the public" and (2) "Defendant Singh, acting individually . . . and in violation of Plaintiff's right[s] and privileges under the First and Fourteenth Amendment[s] of the United States Constitution, deprived Plaintiff of his constitutional right to free speech and the right to petition without fear of redress." (Doc. 1 at 14).

Perry fails to identify which statements he believes qualify as protected speech and how—if those statements were indeed protected—Singh violated his First Amendment rights. Even considering the facts Perry asserted regarding the circumstances surrounding his termination, Perry simply has not stated a plausible First Amendment retaliation claim. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) ("[A] complaint must . . . contain either direct or inferential allegations respecting all material elements of a cause of action." (emphasis omitted)).

Accordingly, Singh's Motion to Dismiss (Doc. 26) is **GRANTED**. Count VI of Perry's Complaint, as it relates to Singh in his individual capacity, is **DISMISSED WITHOUT PREJUDICE**. Perry may amend his Complaint on or before **January 7, 2019.**

**DONE** and **ORDERED** in Orlando, Florida, on December 20, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties